UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CIV-81254-RAR

ARCHIE MALONE,

      Plaintiff,

v.

ACCOUNTS RECEIVABLE
RESOURCES, INC.,

      Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT**

Archie Malone ("Malone") suffered a work place injury and received medical care at JFK Medical Center, Emergency Physician Solutions of South Florida ("Medical Center"). Because Malone was injured at work and during the scope of his employment, Malone's injuries were covered by workers' compensation insurance. To Malone's dismay, he received a letter from Accounts Receivable Resources, Inc. ("ARR") more than two months after his injury, seeking to collect an outstanding medical debt owed to the Medical Center.

As a result, Malone claims ARR violated the Fair Debt Collection Practices Act ("FDCPA"). ARR maintains it did not violate the FDCPA because it was entitled to rely on information provided by the creditor. Alternatively, ARR claims it committed a bona fide error— an affirmative defense under the FDCPA. ARR also asserts that Malone waived his right to bring an affirmative lawsuit because he did dispute the debt with ARR or the Medical Center. For the reasons stated herein, the Court finds ARR violated the FDCPA as a matter of law as there is no genuine dispute of material fact. Therefore, it is hereby

**ORDERED AND ADJUDGED** that Malone's Motion for Summary Judgment [ECF No. 25] is **GRANTED** and ARR's Motion for Summary Judgment [ECF No. 26] is **DENIED**.

Pursuant to Rule 58 of the Federal Rules of Civil Procedure, the Court enters its final judgment in favor of Malone and against ARR in a separate, forthcoming order.

## BACKGROUND[1]

The Medical Center and ARR have a contractual relationship whereby the Medical Center refers certain debt to ARR for collection.[2] ARR Decl. [ECF No. 27-1] ¶¶ 17, 20. Pursuant to their agreement, the Medical Center may only refer debt that is validly due and owing. *Id*. at ¶¶ 17, 21; ARR Dep. 41:12-17; Pl.'s Statement of Material Facts in Support of Pl.'s Mot. Summ. J. [ECF No. 25-10], Def.'s Opposition to Pl.'s Statement of Material Facts [ECF No. 35] (collectively, "Pl. SOMF") ¶ 14. Therefore, ARR assumes the debt referred by the Medical Center is validly due and owing. ARR Dep. 41:12-17. However, if a consumer disputes the validity of the debt with either the Medical Center or ARR, ARR ceases all collection activity and seeks confirmation of the amount due from the Medical Center. ARR Dep. 48: 9-15; Def. SOMF ¶ 19. And if ARR is notified that the debt relates to a workplace injury covered by workers' compensation insurance, ARR will not accept the referral or cease all collection activity accordingly. ARR Dep. 60:13-18; Def.'s Statement of Material Facts in Support of Def.'s Mot. Summ. J. [ECF No. 27], Pl.'s Opposition to Def.'s Statement of Material Facts [ECF No. 33-1] (collectively, "Def. SOMF") ¶¶ 29-21; Pl. SOMF ¶ 17.

---

[1] ARR's Opposition to Malone's Statement of Material Facts disputes the *materiality* of several facts. *See* Def.'s Opp. to Pl.'s Statement of Material Facts [ECF No. 35] ¶¶ 4, 7-9, 11, 15-16. However, ARR does not dispute Malone's facts by citing to the factual record. Because materiality is a question of law and ARR did not otherwise dispute these facts by referring to the record, the Court deems those facts admitted. *See* S.D. Fla. L. R. 56.1(b) ("All material facts . . . will be deemed admitted unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record."); *see also Reyes v. Am. Sec. Ins. Co.*, No. 16-23978, 2017 WL 4225535, at *1 (S.D. Fla. Sept. 22, 2017) (finding local rule requires that a statement of disputed facts reference supporting evidence in the record and deeming facts disputed by plaintiff but not supported by record evidence as admitted); *Johnson v. Sch. Bd. of Broward Cty.,* No. 07-60797, 2008 WL 5427789, at *2-3 (S.D. Fla. Dec. 30, 2008) (same). Similarly, Malone's Opposition to ARR's Statement of Material Facts disputes several facts but fails to reference any citation to the record. *See* Pl.'s Opp. to Def.'s Statement of Material Facts [ECF No. 33-1] ¶¶ 14-16, 18, 21-25. Therefore, for the same reason, the Court must deem these facts admitted.

[2] It is undisputed that ARR is a debt collector as defined by the FDCPA. *See* ARR Dep. 15:12-22.

On September 12, 2017, the Medical Center referred Malone's account to ARR to collect an outstanding balance due. Def. SOMF ¶ 2; ARR Decl. ¶ 4. As part of the referral, the Medical Center provided ARR with certain limited information, such as Malone's name, address, and the total amount due. Def. SOMF ¶ 2; ARR Dep. 20:19-24. The Medical Center did not notify ARR that Malone's debt was incurred due to a workplace injury or note his pending workers' compensation claim with the Office of the Judge of Compensation Claims ("OJCC").[3] ARR Dep. 20:19-24, 28:15-18, 63: 18-25, 64: 1-25, 65:1-3, 65:17-22; *see also* Def. SOMF ¶ 8. Therefore, ARR was under the presumption that Malone's debt was validly due and owing. ARR Dep. 41:12-17; *see also* Pl. SOMF ¶ 14.

Upon receiving the referral, ARR "scrubbed" Malone's account to determine whether Malone was deceased, whether Malone had filed for bankruptcy, and whether Malone had recently moved. ARR Decl. ¶ 28; ARR Dep. 33:24-25, 36:7-23; Pl. SOMF ¶ 13. ARR also forwarded Malone's information to an outside agency to "score" his information and determine the probability Malone would pay the referred debt. ARR Decl. ¶ 28; ARR Dep. 37:2-25, 38:1-2. Apart from these basic standard procedures, ARR did not follow any other internal procedure to verify the validity of the debt before beginning its collection efforts. ARR Dep. 41:12-17; 45:19-23; Pl. SOMF ¶ 14.

On September 18, 2017, ARR sent Malone a letter "seeking to collect an alleged medical debt purportedly owed to [the Medical Center] in the amount of $981.00" ("Collection Letter"). Pl. SOMF ¶ 10; Malone Decl. ¶ 7; *see also* Collection Letter [ECF No. 27-2].[4] The Collection

---

[3] On July 20, 2017, Malone's employer and workers' compensation insurance carrier entered a Response to Malone's Petition for Benefits [ECF No. 25-8] accepting Malone's claim as compensable. Pl. SOMF ¶ 9. On April 11, 2019, Malone's workers' compensation claim was settled by way of mediation agreement. *See id.* at ¶ 11; OJCC Order Closing File [ECF No. 25-9]. ARR does not explicitly dispute the legal status of Malone's debt in its Motion for Summary Judgement or its Response to Plaintiff's Motion for Summary Judgment.

[4] It is undisputed that the letter sent to Malone was an attempt to collect an outstanding consumer debt. Def. SOMF ¶ 3; Collection Letter ("This is an attempt to collect a debt.").

Letter included the following notice: "[u]nless you notify this office within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid." *See* Collection Letter. Although Malone acknowledges receipt of the Collection Letter, Malone never contacted ARR or the Medical Center to dispute the debt. *See* Def. SOMF ¶¶ 5, 10; Malone Decl. ¶ 7.

On January 29, 2018, ARR received a letter from Gallagher Bassett Services, Inc. ("Gallagher"), Malone's employer's insurance carrier, indicating that Malone's account was covered by workers' compensation. Def. SOMF ¶ 7. This was the first time ARR received notice that Malone received treatment from the Medical Center due to a work-related injury. *Id.* at ¶ 8. Consequently, ARR submitted the bill to Gallagher, suspended all debt collecting activity, closed the account, and sent the referral back to the Medical Center. ARR Dep. 48:18-25, 49:1-10; Def. SOMF ¶ 9.

On September 17, 2018, Malone filed the above-styled action alleging ARR violated sections 1692e and 1692e(2)(A) of the FDCPA by attempting to collect a debt Malone did not owe. On July 17, 2019, Malone and ARR filed the cross-Motions for Summary Judgment [ECF Nos. 25-26] currently before the Court. Malone claims ARR violated the FDCPA as a matter of law because ARR engaged in prohibited conduct by sending a collection letter to Malone for a debt he did not owe. Malone also maintains that ARR is not entitled to a bona fide error defense because ARR does not have any policies or procedures in place to prevent the alleged conduct giving rise to this action.

ARR claims it did not violate the FDCPA as a matter of law because it was entitled to rely on the information provided by the Medical Center. Further, ARR asserts that Malone waived his right to pursue his FDCPA claim by failing to dispute the validity of the debt with either ARR or the Medical Center. ARR also maintains it is entitled to a bona fide error defense.

For the reasons stated herein, the Court finds that ARR violated the FDCPA as a matter of law despite its reliance on the information provided by the Medical Center and Malone's failure to dispute the referred debt.

## LEGAL STANDARD

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). In making this assessment, the Court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party," *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997) (citation omitted), and "must resolve all reasonable doubts about the facts in favor of the non-movant," *United of Omaha Life Ins. Co. v. Sun Life Ins. Co. of Am.*, 894 F.2d 1555, 1558 (11th Cir. 1990) (citation omitted).

"The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "This materiality inquiry is independent of and separate from the question of the incorporation of the evidentiary standard into the summary judgment determination." *Id.* A party is not entitled to summary judgment unless there is a *genuine* issue of material fact. *Id.* "A *genuine* issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Id.* (emphasis added).

The movant's initial burden on a motion for summary judgment "consists of a responsibility to inform the court of the basis for its motion and to identify those portions of the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993) (alterations and internal quotation marks omitted) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once the moving party has shouldered its initial burden, the burden shifts to the non-moving party to "'set forth specific facts showing that there is a genuine issue for trial,' not just to 'rest upon the mere allegations or denials of the adverse party's pleading.'" *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001) (quoting *Resolution Trust Corp. v. Camp*, 965 F.2d 25, 29 (5th Cir. 1992)).

## ANALYSIS

The FDCPA "regulates interactions between consumer debtors and 'debt collector[s]' [and] [a]mong other things . . . prohibits debt collectors from making false representations as to a debt's character, amount, or legal status[.]" *Jerman v. Carlisle, McNellie, Rini, Kramer, & Ulrich LPA*, 559 U.S. 573, 577 (2010). "The FDCPA also provides that any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person." *Id.* at 578 (alterations added) (quoting 15 U.S.C. § 1692k(a)). Generally, the FDCPA "subjects debt collectors to liability even when violations are not knowing or intentional." *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270-71 (11th Cir. 2011) (citing *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010)) (stating that the FDCPA is typically described as a "strict liability" statute).[5] However, there are two narrow carve outs to liability under the FDCPA—the good faith conformity defense and the bona fide error defense. *See* 15 U.S.C. §§ 1692k(c), (e); *see also Owen*, 692 F.3d at 1271.

---

[5] *See also Glover v. F.D.I.C.*, 698 F.3d 139, 149 (3d Cir. 2012); *Wahl v. Midland Credit Mgmt, Inc.*, 556 F.3d 643, 646 (7th Cir. 2009) (recognizing the FDCPA is a strict liability statute); *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1175 (9th Cir. 2006) (same).

To establish an FDCPA claim, it must be determined that "(1) the plaintiff was the object of collection activity arising from consumer debt, (2) the defendant is a debtor collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Pescatrice v. Orovitz*, 539 F. Supp. 2d 1375, 1378 (S.D. Fla. 2008) (internal quotations omitted) (quoting *Fuller v. Becker & Poliakoff, P.A.*, 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002)). Because the parties do not dispute the debt referred by Malone to the Medical Center was a consumer debt and ARR is a debt collector, the Court need only resolve two issues: (i) whether ARR engaged in conduct prohibited by the FDCPA and if so, (ii) whether ARR has demonstrated, by the preponderance of evidence, a bona fide error.

### *i. Prohibited Conduct Under the FDCPA*

Malone claims the Collection Letter was prohibited under the FDCPA because pursuant to the Florida Workers' Compensation Law, he did not owe the referred debt and therefore, the communication was "false, deceptive, and misleading." Pl. Mot. Summ. J. at 11. Because ARR does not dispute that the referred debt was covered under workers' compensation, the Court assumes Malone was not legally responsible for the outstanding balance on his account at the Medical Center. *See* Fla. Stat. § 440.13(13)(a) ("A health care provider may not collect or receive a fee from an injured employee within this state, except as otherwise provided by this chapter. Such providers have recourse against the employer or carrier for payment for services rendered in accordance with this chapter.").

"A false representation in connection with the collection of a debt is sufficient to violate the FDCPA facially, even where no misleading or deception is claimed." *Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238, 1241 (11th Cir. 2012). Whether a representation is false is judged under the "least sophisticated consumer" standard. *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1177 n.11 (11th Cir. 1985). This standard does not depend on the plaintiff's individual perception or the perception of a reasonable consumer; rather, it depends on whether the least sophisticated

consumer would know that the particular statement was false. *Landeros v. Pinnacle Recovery, Inc.*, 692 F. App'x 608, 613 (11th Cir. 2017) (citing *Jeter*, 760 F.2d at 1172-11723).

The Collection Letter mailed to Malone is explicitly addressed to Malone and states he must remit $981, in full, to avoid further collection activity. Because the parties do not dispute Malone is not legally responsible for the referred debt, Malone was not obligated to remit any sum—much less almost a thousand dollars—to ARR. Moreover, the least sophisticated consumer would not understand the intricacies of Florida's workers' compensation laws and therefore, would not know whether he or she was obligated to remit payment. Similarly, the least sophisticated consumer would not know that the Collection Letter was false. Therefore, it is clear that ARR's Collection Letter is a "false representation in connection with the collection of a debt."

Although ARR made a false representation of an outstanding debt, ARR alleges it did not engage in conduct prohibited by the FDCPA for two reasons: (1) it was permitted to rely on the information provided by the Medical Center; and (2) Malone waived his right to claim ARR violated the FDCPA by failing to timely dispute the debt with ARR and/or the Medical Center. Def. Mot. Summ. J. at 10.

Citing *Cornette v. I.C. System, Inc.*, ARR claims it is entitled to reasonably rely on the presumption that Malone's account was a valid debt pursuant to the contractual understanding between ARR and the Medical Center. Def. Mot. Summ. J. at 6-8; 280 F. Supp. 3d 1362, 1370-71 (S.D. Fla. 2010) (finding the debt collector was not strictly liable under the FDCPA because the debt collector reasonably relied on information provided by the creditor for its first communication with the consumer). However, *Cornette* is merely persuasive authority—the Court is not bound by its decision. Rather, the Court is bound by the Eleventh Circuit's decision in *Owen* where the appellate court *disagreed* with the notion that a "referral or agreement—stating that the creditor will refer only valid debts—*alone* insulates a debt collector from FDCPA liability." 629 F.3d at 1276 n.18 (emphasis in original). As the *Owen* court noted, a contrary conclusion would

frustrate the purpose of the FDCPA. *Id.* at 1277. Accepting ARR's argument as true

> [W]ould allow debt collectors to make an end-run around statutory provisions that ensure accurate collection practices merely by inserting boilerplate language in its contracts with creditors. Debt collectors who presently maintain *internal* procedures to avoid FDCPA errors would be incentivized to scrap these measures altogether, since full immunity could be guaranteed by placing the onus of accuracy on creditors.

*Id.* (emphasis in original). Therefore, the Court finds ARR is not entitled to simply rely on the presumption that all debts referred by the Medical Center are validly due and owing.

Relying predominately on *Bleich v. Revenue Maximization Group, Inc.*, 233 F. Supp. 2d 496 (E.D.N.Y 2002), ARR also claims Malone waived his right to allege an FDCPA violation because he ignored the dispute provision in the Collection Letter. Def. Mot. Summ. J. at 13-14. There, the court noted that Congress likely included a debt validation procedure as part of the FDCPA to "avoid litigation." *Bleich*, 233 F. Spp. 2d at 500. Therefore, the *Bleich* court held that an invalid debt, alone, cannot form the basis of an FDCPA action when the debt collector has included the FDCPA debt validation procedure and the consumer chose to ignore the "clear and orderly procedure." *Id.* at 501.

However, the Second Circuit in *Vangorden v. Second Round, Limited Partnership*, rejected *Bleich*. 897 F.3d 433, 440 (2d Cir. 2018). The Second Circuit reviewed the legislative intent of the debt validation procedure and found that Congress included it to "eliminate the recurring problem of debt collectors . . . attempting to collect debts which the consumer had already paid." 897 F.3d at 440-41 (internal quotations omitted) (quoting S. Rep. No. 95-382, at 4 (1977)). Therefore, "the relevant legislative history focused on minimizing certain conduct by debt collectors, not enforcement actions by consumers." *Id.* at 441. Consequently, the statutory text of the FDCPA does not make "consumer exhaustion of the [debt validation] procedures a condition precedent to a consumer filing suit against a debt collector" for either false or misleading representations in connection with the collection of a debt or using unfair or unconscionable means

to collect or attempt to collect a debt. *Id.*; 15 U.S.C. §§ 1692e, 1692f. The only protections the FDCPA provides debt collectors in such circumstances is the bona fide error defense. *Id.*; 15 U.S.C § 1692k; *see also McLaughlin v. Phelan Hallinan & Schmieg, LLP*, 756 F.3d 240, 247 (3d Cir. 2014) (rejecting several district court decisions that required compliance with debt validation procedures before filing suit given their lack of statutory support and creation of an end-run around FDCPA liability "inconsistent with the FDCPA's goal of ensuring *debt collectors* act responsibly") (emphasis added).[6]

The Court agrees with the Second Circuit finding that neither the statutory text nor the legislative intent of the FDCPA support a waiver of legal rights for failing to comply with a debt validation procedure. Therefore, Malone did not waive any right to bring legal action against ARR when he failed to dispute the referred debt with either ARR or the Medical Center.

### ii. Bona Fide Error

The bona fide error defense is a "narrow carve-out to the general rule of strict liability under the FDCPA.[7] *Owen*, 629 F.3d at 1271. The defense excepts a debt collector from liability if the debt collector demonstrates the following by a preponderance of the evidence: (1) the violation was not intentional; (2) the violation was bona fide error; and (3) the violation "occurred despite the maintenance of procedures reasonably adapted to avoid any such error." *Id*. (quoting *Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350, 1352 (11th Cir. 2009)).

Because ARR did not know Malone's debt was due to a work-related injury or covered under workers' compensation, the Court finds ARR acted with good faith, unintentionally, and it

---

[6] ARR also relies on other district court cases such as *Milton v. LTD Financial Servs.*, No. 210-119, 2011 WL 291363, at *4 (S.D. Ga. 2011) and *Palmer v. I.C. Sys., Inc.*, No. C-04-03237, 2005 WL 3001877, at *5 (N.D. Cal. Nov. 8, 2005) for the same proposition. However, those cases are equally unpersuasive insofar as they rely on *Bleich*'s reasoning or assume an FDCPA intent requirement that has since been rejected by the Eleventh Circuit.

[7] The FDCPA also contains another exception to liability for debt collectors acting in good faith conformity with an advisory opinion from the Federal Trade Commission. However, this exception is inapplicable.

committed a bona fide error by sending Malone the Collection Letter.[8] Therefore, the Court must only consider whether ARR maintained procedures "reasonably adapted to avoid such error."

To determine whether a debt collector satisfied the procedures component of the bona fide error defense, the Court must consider: (1) whether the debt collector maintains—*i.e.*, actually employs or implements—procedures to avoid errors; and if so, (2) whether the procedures were "reasonably adapted to avoid the specific error at issue." *Owen*, 629 F.3d at 1273-74 (internal quotations and citations omitted).

ARR identifies four procedures that are reasonably adapted to avoid errors: (1) ARR contractually obligated the Medical Center to only refer validly due and owing debt; (2) the Collection Letter included a debt validation procedure requesting Malone contact ARR if he contested the debt; (3) ARR suspended collection efforts after Gallagher sent ARR a letter informing it of Malone's workers' compensation status; and (4) ARR verified whether Malone filed for bankruptcy. These four procedures satisfy the low threshold for the first prong of the procedural inquiry. *See id.* at 1274 (finding the debt collector satisfied the first prong of the procedural component by implementing similar procedures).

However, ARR fails the second prong of the procedural inquiry. Including a debt validation procedure and suspending collection efforts are statutory requirements under the FDCPA—they do not "constitute procedures reasonably adapted to avoid [the specific error at issue]." *See id.* at 1275 (finding the suspension of collection efforts was statutorily required and not a procedure adapted to avoid errors); *see also* 15 U.S.C. § 1692g(a) (requiring debt collectors to send a notice to consumer with certain information, including a thirty-day dispute period). And although verifying whether Malone filed for bankruptcy before sending the Collection Letter is a

---

[8] "As used in the [FDCPA] 'bona fide' means that the error resulting in a violation was 'made in good faith; a genuine mistake, as opposed to a contrived mistake.'" *Edwards*, 584 F.3d at 1353 (quoting *Kort v. Diversified Collection Servs., Inc.*, 394 F.3d 530, 538 (7th Cir. 2005)). "To be considered a bona fide error, the debt collector's mistake must be objectively reasonable." *Id.* at 1354.

procedure designed to avoid error, it is not a procedure "reasonably adapted to avoid the specific error at issue." ARR's contractual understanding with the Medical Center is also insufficient. As the Eleventh Circuit in *Owen* stated: "Employing a one-time form contract with [the Medical Center] and blindly relying on creditors to send only valid debts is a procedure, but it is not one reasonably adapted to avoid the type of [errors] at issue here." *Owen*, 629 F.3d at 1275.

The Court does not expect, nor does it require, ARR to conduct an independent investigation to verify the validity of the debt. However, ARR is not eligible for a bona fide error defense unless it implements procedures "reasonably adapted to avoid readily discoverable errors, such as the [errors] here." *Id.* at 1276-77. It is undisputed that ARR does not have any procedures in place for the collection of medical debt in Florida. ARR Dep. 59:14-19. ARR did not cite any "internal controls . . . to reduce the incidence of improper debt collection. Rather, [ARR's] procedure is to outsource its oversight task to its creditor [the Medical Center], which must report only debts that are validly due and owing." *Owen*, 629 F.3d at 1276. Therefore, ARR is not entitled to a bona fide error defense.

## CONCLUSION

For the reasons stated herein, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Malone's Motion for Summary Judgment [ECF No. 25] is **GRANTED**.

2. ARR's Motion for Summary Judgment [ECF No. 26] is **DENIED**.

3. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, a final judgment in favor of Malone and against ARR will be entered by separate order.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 6th day of October, 2019.

_____
**RODOLFO RUIZ**
**UNITED STATES DISTRICT JUDGE**